# Third District Court of Appeal

## State of Florida

Opinion filed February 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-85
Lower Tribunal No. 20-3725
_____

**Miami Beach Cruisers, LLC,**
Appellant,

vs.

**Rolly Marine Service Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

Alexander Appellate Law, P.A., and Samuel Alexander (DeLand), for appellant.

John D. Kallen, P.A., and John D. Kallen, for appellee.

Before FERNANDEZ, C.J., and LINDSEY, and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 95.11(3)(k), Fla. Stat. (2020) ("Actions other than for recovery of real property shall be commenced as follows: WITHIN FOUR YEARS. – A legal or equitable action on a contract, obligation, or liability not founded on a written instrument, including an action for the sale and delivery of goods, wares, and merchandise, and on store accounts."); <u>Johnson v. Harrison Hardware Furniture Co.</u>, 160 So. 878, 879 (Fla. 1935) ("[W]here the evidence of liability relied on is partly set forth in writings in the form of letters and the like, but the writings are incomplete in themselves, or are otherwise so indefinite as to necessitate and make unavoidable plaintiff's resort to oral testimony to make complete the showing of any legal liability incurred by the defendant, under the terms of the transaction of which the writings are made a part, such agreement, partly written and partly oral, must be regarded as an oral contract . . . ."); <u>ARDC Corp. v. Hogan</u>, 656 So. 2d 1371, 1374 (Fla. 4th DCA 1995) ("The fact that [plaintiff] must rely on oral representations to create the agreement on which her claim is based, means, for the purposes of the statute of limitations, that the alleged contract is oral, not written.").